UNITED STATES BANKRUPTCY COURT     Hearing Date: September 21, 2016
EASTERN DISTRICT OF NEW YORK     Hearing Time: 3:00 p.m.
---------------------------------------------------------x

In re

    Far Rockaway Blvd Realty Inc.      Chapter 11

                Debtor.

                                     Case No. 16-43223 (CEC)

---------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE WITH PREJUDICE OR, IN THE <u>ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7</u>

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
201 Varick Street, Suite 1006
New York, New York
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Marylou Martin, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of this motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of Far Rockaway Blvd Realty Inc. (the "Debtor") with prejudice, or, in the alternative, converting the chapter 11 case to chapter 7. In support of the Motion, the United States Trustee represents and alleges as follows:

I. INTRODUCTION

This case case should be dismissed, under 11 U.S.C. § 1112(b), as the Debtor has no intent to reorganize and does not take its obligations as a chapter 11 debtor seriously. Since the Debtor's case was filed on July 21, 2016, it has failed to comply with its obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Debtor not filed complete bankruptcy schedules and required statements, and has failed to appear for the initial debtor interview with the United States Trustee. In addition, the Debtor has also failed to provide the United States Trustee with proof that it has insurance in place and that it has established a debtor-in-possession bank account. The Debtor's failure to file schedules and statements, attend the Initial Debtor Interview, provide documents to the United States Trustee, and maintain insurance, constitutes cause to convert or dismiss this case under Sections 1112(b)(4)(C), (F), and (H) respectively. The Court should, therefore, dismiss the Debtor's case because dismissal is in the best interest of creditors and the estate. The Debtor's secured creditors and taxing authorities, who appear to be the primary creditors in this case, can exercise their rights outside of bankruptcy.

This is the Debtor's second bankruptcy case in less than two years. The prior case was dismissed in June 2016, based upon, among other things, the Debtor's failure to: 1) file schedules

and monthly operating reports, 2) appear at the Initial Debtor Interview and the Section 341 (a) meeting of creditors, 3) provide documents to the United States Trustee, and 4) maintain insurance. In light of the Debtor's serial filings, and its repeated noncompliance with its basic obligations under the Bankruptcy Code in multiple cases, the Court should dismiss this case with prejudice for two years under 11 U.S.C. § 349(a).

## I. STATEMENT OF FACTS

1. On July 21, 2016, the Debtor commenced this case by filing a voluntary petition (the "Petition") seeking relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession. See Declaration of Marylou Martin in Support of the United States Trustee's Motion, dated August 15, 2016 (the "Martin Decl."), ¶ 3.

3. The United States Trustee was unable to form a committee of unsecured creditors. See Martin Decl., ¶ 4.

**Assets and Liabilities**

4. The Debtor failed to file any schedules in this case. See Martin Decl., ¶ 5.

5. To date, the Claims Register contains two claims – one filed by New York State Department of Taxation and Finance in the amount of $1,355.94 and another by the New York City Water Board in the amount of $16,754.28. See Claims Register, Claims 1 and 2; Martin Decl., ¶ 6.

**Deficiencies in Debtor's Case**

7. On July 22, 2016, the United States Trustee sent the Debtor a letter enclosing a

copy of the United States Trustee Operating Guidelines (the "Guidelines"). See Martin Decl., ¶ 7. The Guidelines outline the requirements for debtors-in-possession, including the obligations to open a debtor-in-possession bank account, provide proof of insurance and file monthly operating reports. Id.

8. The Debtor has failed to provide the United States Trustee with proof of insurance or the opening of a debtor-in-possession bank account. See Martin Decl., ¶ 8.

9. The Office of the United States Trustee scheduled an initial debtor interview, in accordance with section 1116(2) of the Bankruptcy Code, for August 9, 2016 (the "Initial Debtor Interview" or "IDI"). The Debtor failed to appear for the Initial Debtor Interview. See Martin Decl., ¶ 9.

**The Debtor's Prior Bankruptcy Case**

10. The Debtor filed a prior chapter 11 case on December 5, 2014 (the " First Chapter 11 Case"). See Case No. 14-46152(CEC); Martin Decl., ¶ 10.

11. The First Chapter 11 case was dismissed by Order dated June 24, 2015, on the motion of the United States Trustee, based upon, among other things, the Debtor's failure to file schedules and monthly operating reports, attend the IDI or the Section 341(a) meeting, provide documents to the United States Trustee and maintain insurance. See Case No. 14-46152(CEC), ECF Doc. Nos. 9 and 12; Martin Decl., ¶ 11.

III. ARGUMENT

A. There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the

>court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

>(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> ***
>
>(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]
>
>(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee.

11 U.S.C. § 1112(b)(4).

The list of factors is non exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b).

### 1. The Debtor Has Failed to Provide Proof of Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was

one factor supporting court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to convert case to chapter 7).

In the landmark case of Reading Co. v. Brown, 391 U.S. 471, 783-484, 88 S.Ct. 1759, 1766 (1968), the United States Supreme Court held that post-petition tort claims are entitled to administrative priority. Courts in the Second Circuit have held that Reading Co. v. Brown remains viable under sections 503 and 507 of the Bankruptcy Code. In In re Enron, 2003 WL 1562201, (Bankr. S.D.N.Y. March 17, 2003), the Bankruptcy Court considered whether a claim based on a post-petition conversion of a commodity is entitled to administrative expense priority. The Bankruptcy Court adopted the holding of Reading Co. v. Brown and held that, "claims based on tort resulting from the post-petition operation of a debtor's business are entitled to payment prior to payment of those creditors who were meant to benefit from the business's continued operation." Id. at *8.

The Debtor has failed to provide the United States Trustee with proof of insurance. See Martin Decl., ¶ 8. Therefore, there is cause to dismiss the Debtor's case under Section 1112(b)(4)(C).

### 2. The Debtor Has Failed Provide Proof that It Opened a Debtor-In-Possession Bank Account.

Section 345 of the Bankruptcy Code requires that a debtor deposit its money in a bonded bank account. 11 U.S.C. § 345. The Debtor's failure to comply with Section 345 constitutes cause for the dismissal of the case. See e.g. In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir.1994) (requirement of section 345 is mandatory). Notwithstanding the United States Trustee's request, the Debtor has failed to produce documents to the United States Trustee indicating that it has opened a debtor-in-possession bank account. See Martin Decl., ¶

8. Therefore, there is cause to dismiss the Debtor's case under Section 1112(b)(4)(H).

### 3. The Debtor Has Failed to Required File Schedules and Statements.

The Debtor has violated 11 U.S.C. § 1112(b)(4)(F), which requires a Debtor to comply with filing requirements. The Debtor did not file bankruptcy schedules, the statement of financial affairs, a corporate ownership statement, a list of equity secured holders, and an affidavit pursuant to Local Rule 1007-4. The failure to file these documents constitutes grounds to convert this case to one under Chapter 7 of the Bankruptcy Code or to dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(F). See In re Consol. Pioneer Mortgage Entities, 248 B.R. 368, 378 (9th Cir. BAP 2000), aff'd, 264 F 3d 803 (9th Cir. 2001) (delay in providing "adequate financial information" is unreasonable and causes prejudicial delay warranting conversion of the case);11 U.S.C. § 1112(b)(4(F).

### B. There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.

Under Section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M. D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (I) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is no likelihood of plan confirmation within a reasonable time and no reasonable justification for the Debtor's breach of its fiduciary duties as a debtor in possession.

**C.       Dismissal is in the Best Interests of Creditors and the Estate.**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed rather than converted. Based upon the limited information provided by the Debtor, it appears that the Debtor's only significant creditors can proceed to enforce their rights outside of the bankruptcy court. Accordingly, the Court should dismiss this case.

**D.       Dismissal Should be With Prejudice to Refiling for Two Years.**

Pursuant to 11 U.S.C. § 349(a), the court has authority to dismiss a debtor's bankruptcy case with prejudice to refiling. In re Montalvo, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009).

Section 349(a) provides that

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

The decision to dismiss a case with prejudice is within the court's discretion. Id. at 389 (citing In re Ventura, 375 BR. 103 (Bankr. E.D.N.Y. 2007)). The Second Circuit has long held that when dismissing a chapter 11 case under section 1112(b), the bankruptcy court may preclude the debtor from refiling for bankruptcy relief for a specified period. See, e.g., In re Casse, 198 F.3d 327, 339-41 (2d Cir. 1994) (it is within the sound discretion to dismiss a case with a bar to refiling for a particular period). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987); see also In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); In re Phoenix Land Corp., 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case in order to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of one year).

If the moving party can prove the debtor's bad faith through egregious conduct a court may dismiss a bankruptcy case with prejudice. In re Ventura, 375 B.R. at 109; see also In re Hall, 258 B.R. 908 (N.D.Ind. 2001) ("Dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."). For example, dismissal with prejudice is appropriate where, as here, a Court is faced

with a debtor's serial filings. In re Casse, 219 B.R. 657 (Bankr.E.D.N.Y. 1998), aff'd, 198 F.2d 327 (2d Cir. 1999); In re Gonzalez-Ruiz, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006); In re Glenn, 288 B.R. 516 (Bankr.E.D.Tenn. 2002).

Further, dismissal with prejudice is warranted where the debtor has acted in bad faith, caused delay that harms the estate, creditors and other parties in interest, or fails to fulfill its duties as a debtor-in-possession. See In re Phoenix Land Corp., 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). Although recognizing that dismissal with prejudice is a drastic remedy, courts have found dismissal with prejudice is appropriate where, as here, a debtor has failed to comply with the mandatory duties imposed upon a debtor. See In re Steinmetz Group, Ltd., 85 B.R. 633 (Bankr.S.D.Fla.1988) (dismissing case with prejudice based on debtor's failure to attend section 341 meeting); In re Ladd, 82 B.R. 476 (Bankr.N.D.Ind. 1988) (dismissing case with prejudice where debtor failed to appear at three 341 meetings); In re Martin-Trigona, 35 B.R. 596, 601-02 (Bankr.S.D.N.Y. 1983) (dismissing case with prejudice where debtor failed to file plan or schedules, failed to cooperate during meeting of creditors, and violated injunction barring re-filing).

A review of this "[D]ebtor's overall conduct throughout the entire bankruptcy process" can only lead to a determination that the Debtor's case should be dismissed with prejudice for two years. See In re Ladd, 82 B.R. at 477. This is the Debtor's second bankruptcy case in less than two years. The First Chapter 11 Case was dismissed based upon the Debtor's failure meet the basic obligations of every chapter 11 debtor, including the filing of schedules and providing the United States Trustee with proof that the debtor is operating out of a debtor in possession account and has the appropriate

insurance is in place.  See Case No. 14-46152(CEC), ECF Doc. Nos. 9 and 12.  Martin Decl., ¶ 11.  Thereafter, the Debtor files this case, barely one year after the dismissal of the First Chapter 11 Case, and, again --fails to file schedules within the appropriate deadline, fails to appear at the scheduled IDI and fails to provide proof of insurance and debtor in possession bank account information.

The Debtor's multiple filing of bankruptcy cases is a blatant abuse of the bankruptcy system which supports the conclusion that the proper remedy here is dismissal with prejudice to refiling for two years.  If this case is not dismissed with prejudice, the Debtor will undoubtedly commence another bankruptcy case on the eve of any adverse action commenced by a creditor, again with no intention of taking the steps necessary to successfully reorganize.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion and this Memorandum of Law upon the Debtor, Debtor's counsel and any parties who have filed Notices of Appearance in the case.  Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center.  The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V.  CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this chapter 11 case with prejudice for a period of two years, or, in the alternative, converting the case to chapter 7, and granting such other and further relief as is just and proper.

Dated: New York, New York
       August 15, 2016

                          Respectfully submitted,
                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE

                       By: */s/ Marylou Martin*
                          Marylou Martin

                       201 Varick Street, Suite 1006
                       New York, New York 10014
                       Tel. No. (212) 510-0500
                       Fax No. (212) 668-2255